JUDGE ELLIOTT
delivered the opinion oe the court.
Thomas S. Ellis and John A. Higgins were partners in the grocery business in Richmond, Ky., and in 1872 they agreed *614 to take in as a partner the appellee Green, and by the written agreement of partnership, the style of the firm was to be Ellis & Higgins, and Green was to be a dormant partner. Ellis & Higgins were to put in $9,000 as their part of the capital stock, while Green was to put $5,000, and all three were to share equally the profits or bear equally the losses incurred by the enterprise, which was to continue till 1875.
Thomas S. Ellis and John A. Higgins put in as capital about $4,000, and appellee Green about $3,100, and this partnership firm was called the new firm of Ellis & Higgins, but the old firm, composed alone of Thomas S. Ellis and John A. Higgins, still continued its business of dealing in spirituous liquors.
The old firm of Ellis & Higgins became indebted to one of the national banks in Richmond, and borrowed of appellant first $650 and afterward $200, for which he took its notes, and Ellis & Higgins paid $650 of this money out on the indebtedness of the old firm.,
One of the old firm testified in this suit that when the money was borrowed of the appellant, he was notified that it <■ was intended to be paid out on an old debt of Ellis & Higgins, and that appellant had been in the habit of loaning money to the old firm of Ellis & Higgins. But Thomas S. Ellis and John A. Higgins testified in this suit that the new firm became indebted to R. M. Bishop & Co., of Cincinnati, O., in the sum of over $1,000, and that the old firm of Ellis & Higgins loaned the new firm of Ellis & Higgins first $585 and afterward $575, with which to pay off this indebtedness, and the two partners of the old firm drew up and executed two notes of the new firm, of which appellee was a member, to the old firm, for the two sums so advanced to the new firm. The appellee neither executed or knew of the execution of the notes of the new firm, of which he was a partner, to the old firm of Ellis & Higgins; nor did he know that the new firm *615 was in debt or needed money. When Ellis & Higgins of the old firm paid their debt to the bank, they say they canceled and destroyed the two notes they had executed in the name of the new firm to the old firm.
There can be no doubt that the money was borrowed from appellant to pay a debt which the old firm of Ellis & Higgins owed, and there is as little doubt that appellant was aware that these two partners wanted the money to pay on their old indebtedness, and therefore appellee can only be made responsible upon the ground that the funds borrowed from appellant were used in the business of the new firm, of which appellee was a member. The appellant contends that it was so used, because, when the old firm paid out the $650 on their old indebtedness, they canceled the notes of the new firm to them of over $1,000.
We can not admit that Thomas S. Ellis and John A. Higgins, two of the members of the new firm of Ellis & Higgins, ■could bind Green, the other member, by their execution and delivery to themselves of the note of the new firm, on a pretended loan by them of money to the new firm, unless Green, the other member of the new firm, assented to the execution of the notes to the old firm, or unless the new firm, of which he was a member, was actually indebted to the old firm of Ellis <& Higgins; and there is no evidence in this record which conduces to prove that appellee Green either assented to or knew of the execution of the two notes to the old firm of Ellis & Higgins, nor does the evidence conduce to prove that the new firm, of which appellee was a member, owed the old firm of Ellis & Higgins any thing, but on the contrary the members of the old firm of Ellis & Higgins had failed, by $5,000, to put in the capital stock which, by their covenant, they stipulated to put in; and there is no evidence in this record that the new firm of Ellis & Higgins ever really owed the old firm of the same name a single dollar.
*616 As therefore tbe new firm of Ellis & Higgins never, by written obligation or otherwise, to which appellee assented, acknowledged an indebtedness to the old firm of the same name; and as, from the evidence, at the time appellant’s money was loaned to Ellis & Higgins, the new firm was not indebted to the old one; and as the $650 was loaned to pay, and was paid, on the debts of the old firm, we are of opinion that the peremptory instruction of the court to the jury, to find for the appellee as to the $650, was proper.
Wherefore, the judgment of the lower court is affirmed.